

**Your Missouri Courts** — Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                  Logon

### 1222-AC18482 - SOPHORNIA HARRIS V TORRES CREDIT SERVICES (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending      Display Options: All Entries

| Date | Entry |
|---|---|
| 01/03/2013 | **Hearing Scheduled** |
| | Scheduled For: 01/31/2013; 9:30 AM ; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis |
| | **Hearing Continued/Rescheduled** |
| | Hearing Continued From: 01/07/2013; 9:30 AM Hearing |
| 12/04/2012 | **Motion Filed** |
| | Summons not issued for special process server because the server requested was not on the approved list, and neither was the request signed by the judge. |
| | **Summons Issued-Associate** |
| | Document ID: 12-ASOS-264, for TORRES CREDIT SERVICES INC. |
| 11/27/2012 | **Hearing Scheduled** |
| | Associated Entries: 01/03/2013 - Hearing Continued/Rescheduled |
| | Scheduled For: 01/07/2013; 9:30 AM ; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis |
| | **Pet Filed in Associate Ct** |
| | **Judge Assigned** |

Case.net Version 5.13.1.0        Return to Top of Page          Released 10/25/2012

https://www.courts.mo.gov/casenet/cases/searchDockets.do

**EXHIBIT A**

1/15/2013



## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: CALEA STOVALL-REID | Case Number: 1222-AC18482 |
|---|---|
| Plaintiff/Petitioner: SOPHORNIA HARRIS<br><br>vs.<br><br>Defendant/Respondent: TORRES CREDIT SERVICES INC | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>JAMES WINDSOR EASON<br>1 NORTH TAYLOR<br>SAINT LOUIS, MO 63108 |
| Nature of Suit: AC Other Tort | Date, Time and Location of Court Appearance:<br>07-JAN-2013 09:30 AM<br>Division 27<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
(Associate Division Cases)

The State of Missouri to: TORRES CREDIT SERVICES INC
Alias:
DAVID BUCHER OR RAGT
27 FAIRVIEW STREET
CARLISLE, PA 17013

CUMBERLAND COUNTY

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

December 4, 2012
Date                                         Clerk

Further Information:

### Officer's or Server's Affidavit of Service

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* Doc ID# 12-ASOS-264     1     (1222-AC18482)     Rules 54.06, 54.07, 54.14, 54.20;
                                                                                              506.500, 506.510, 517.041 RSMo

IN THE CIRCUIT COURT
ST. LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION



| | |
|---|---|
| **SOPHORNIA HARRIS** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**TORRES CREDIT SERVICES, INC.** )<br>)<br>Defendant. )<br>)<br>Serve Defendant at: )<br>David Bucher or Registered Agent )<br>27 Fairview Street )<br>Carlisle, PA 17013 ) | Case No. 1222-AC 18482<br><br>Division<br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Sophornia Harris, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. Plaintiff demands a jury trial on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d). Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in St. Louis City, Missouri.

5. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

1

## PARTIES

6. Plaintiff is a natural person currently residing in St. Louis City, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7. Specifically, the alleged debt arises out of Plaintiff's use of utilities provided by Ameren.

8. Defendant is a foreign corporation registered in Pennsylvania with its principal place of business in Carlisle, PA.

9. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA.

## FACTS

11. Defendant began collection activity with Plaintiff in February, 2012 when Defendant reported the debt against Plaintiff's credit. The collection activity also consisted of several telephone calls to Plaintiff's cellular phone ending in 3179.

12. Plaintiff never provided permission or otherwise authorized Defendant to call her cellular phone by any means, and specifically never authorized Defendant to contact her with an autodialer.

13. Each of Defendant's calls placed to Plaintiff were placed using an automatic telephone dialing system with the capacity to store, generate, and dial telephone numbers.

14. In August of 2012, Plaintiff reviewed her credit report and noticed Defendant had reported a delinquent debt against her in February, 2012.

15. Plaintiff was surprised by this, as she had never received anything in writing from Defendant and had no knowledge of the supposed debt.

16. Plaintiff believes Defendant was calling her cellular phone prior to August of 2012 but Defendant never left a message wherein Defendant identified itself. As such, Plaintiff did not recognize Defendant's number and had no idea as to why Defendant was calling.

17. In mid-August, 2012, Plaintiff telephoned Defendant and inquired about the debt. Specifically, Plaintiff wanted to know if Defendant had ever mailed her anything about the debt.

18. Defendant conceded that it had never mailed Plaintiff anything.

19. Defendant also conceded that it had been reporting the debt against Plaintiff's credit for months.

20. Despite the fact that Defendant had never mailed Plaintiff anything containing Plaintiff's 15 U.S.C. § 1692g dispute rights, Defendant told Plaintiff that she had to pay the debt by the end of the month- well within the thirty day dispute period provided for by 1692g.

21. Defendant's conduct overshadowed Plaintiff's right to dispute the debt.

22. Defendant's aggressive and premature credit reporting of the debt is an unfair and oppressive collection tactic.

23. Defendant's conduct caused Plaintiff to believe that she had no right to get verification of or dispute the balance Defendant was attempting to collect.

24. Plaintiff has experienced mental anguish and worry as a result of Defendant's actions.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Overshadowing Plaintiff's rights pursuant to 15 USC § 1692g.

    b. Using deceptive, unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 USC 1692d-f.

3

    c.    Engaging in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 USC § 1692d.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Release of the alleged debt;

    D.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E.    For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

27.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

    a.    By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the TCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 47 USC (b)(3); and

    D.    For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

*[signature]*

JAMES W. EASON, #57112
RICHARD A. VOYTAS, #52046
EASON & VOYTAS, LLC
One North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com
        rickvoytas@gmail.com